IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>SHERRI SCHIEGGER, et al. | Case No. 5:20-MC-00026-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>DANIELLE DOYLE, et al. | Case No. 5:20-MC-00027-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>NANCY BERSON, et al. | Case No. 5:20-MC-00028-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>ROBIN STRICKLAND, et al. | Case No. 5:20-MC-00029-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>WENDY KIRWAN, et al. | Case No. 5:20-MC-00030-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>WAKE COUNTY, et al. | Case No. 5:20-MC-00031-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>JOE BRYANT, et al. | Case No. 5:20-MC-00032-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>TOWN OF CARY | Case No. 5:20-MC-00033-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>TOWN OF CARY, et al. | Case No. 5:20-MC-00034-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>SYDNEY BATCH, et al. | Case No. 5:20-MC-00035-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MELANIE SHIKITA, et al. | Case No. 5:20-MC-00036-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MELANIE SHIKITA, et al. | Case No. 5:20-MC-00037-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MICHELLE SAVAGE, et al. | Case No. 5:20-MC-00038-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>ERIC CRAIG CHASSE, et al. | Case No. 5:20-MC-00039-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>THOMAS C. MANNING, et al. | Case No. 5:20-MC-00040-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR., <br> v. <br> WAKE COUNTY, et al. | Case No. 5:20-MC-00041-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. <br> v. <br> ROBERT J. PIKE, et al. | Case No. 5:20-MC-00042-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. <br> v. <br> STATE OF NORTH CAROLINA, et al. | Case No. 5:20-MC-00043-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. <br> v. <br> W. EARL BRITT, et al. | Case No. 5:20-MC-00049-M |

## ORDER RE: PENDING MOTIONS

These matters come before the court on the following documents[1] filed by William Scott Davis, Jr. ("Davis") in the above-captioned cases: (1) a handwritten "Motion for Leave to Proceed In Forma Pauperis on Appeal under F.R.App. 24(a)(1)" dated November 20, 2020 and filed March 2, 2021; (2) a duplicate of (1); (3) an "Application to Proceed Without Prepaying Fees or Costs/Financial Affidavit" dated November 20, 2020 and filed March 2, 2021; (4) a handwritten "Motion for Rule 11 Sanctions Against Clerk for Failure to Send IFPs and Injunction Order of Judge Fox" dated February 24, 2021 and filed March 8, 2021; (5) a handwritten "Motion for Leave to Proceed In Forma Pauperis by Permission of a District Court Judge Pursuant to this Court's Prefiling Civil Injunction," not dated but filed June 29, 2021;[2] and (6) a handwritten request under

---

[1] Typically, the court would reference each motion by its docket entry number; however, these numbers are (or may be) different in each case for each motion.

[2] The motions listed in (1)-(5) were submitted to this court on August 2, 2021.

3

Fed. R. App. P. 24(a)(3), which the court construes as a motion for leave to appeal in forma pauperis, dated August 12, 2021 and filed September 9, 2021. The court notes that Plaintiff proceeds in these cases pro se; the Fourth Circuit emphasizes that, when a plaintiff proceeds pro se, courts "must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

With respect to the motions for leave to proceed *in forma pauperis* ("IFP") on appeal (documents (1), (2), and (6)), the court notes that Plaintiff filed in these cases a similar request dated March 17, 2021 and filed April 5, 2021. Then, as now, Plaintiff has failed to attach a proper proposed notice of appeal to allow the court to determine whether any appeal is taken in good faith.[3] *See* Order, April 19, 2021 (citing Fed. R. App. P. 24(a)(3)). Therefore, motions (1), (2), and (6) are DENIED WITHOUT PREJUDICE.

Regarding the motion for sanctions against the Clerk of the Court for purportedly failing to provide Plaintiff a copy of the pre-filing injunction as directed, the court finds that Rule 11 of the Federal Rules of Civil Procedure governs the *litigants'* conduct during a case and, therefore, the court cannot grant the relief Plaintiff seeks. Further, in its April 20, 2021 order granting an extension of the deadline to May 5, 2021 for Plaintiff to file a notice of appeal, the court addressed a motion dated *after* the current motion for sanctions and directed the Clerk to provide to the Plaintiff a second copy of the injunction. Plaintiff must have received the copy because he attached it to the June 29, 2021 motion characterized as "(5)" in this order. Accordingly, the court finds no wrongful conduct in this matter and Plaintiff's motion is DENIED.

---

[3] The court notes that Plaintiff filed a handwritten "Notice of Appeal" in these cases on August 9, 2021; however, the notice fails to comply with Rules 3 and 4 of the Federal Rules of Appellate Procedure in that it is untimely, fails to specify the parties in the cases, and fails to list the order(s) appealed from.

4

Finally, the court considers the March 2, 2021 Application and June 29, 2021 motion together to determine whether Plaintiff has complied with the pre-filing injunction described in this court's November 2, 2020 order and whether Plaintiff demonstrates good cause to re-open these cases. The pre-filing injunction requires that Plaintiff file in this District any new action, in which he seeks to proceed *in forma pauperis*, as follows: "(1) file a motion for leave to file a motion to proceed in forma pauperis, (2) attach the motion to proceed in forma pauperis; (3) attach a copy of the proposed complaint or notice of removal, and (4) attach a copy of this order." *See Davis v. Mitchel*, No. 5: 12-CV-00493-F (E.D.N.C. March 3, 2014).

The Application is a pre-printed form provided to pro se prisoner plaintiffs seeking to proceed IFP in district court; here, Plaintiff has completed the form and properly attached a copy of his prison account statement. The court finds both that the Application suffices as a "motion to proceed in forma pauperis" for purposes of the pre-filing injunction and that Plaintiff has demonstrated his indigency for purposes of determining whether he may proceed IFP.

The motion seeks leave to file the Application in accordance with the injunction. Plaintiff asserts that Rule 17(c) of the Federal Rules of Civil Procedure and 18 U.S.C. § 4241(d) "protect" him from "not complying with court's orders." Plaintiff is incorrect; there is no indication that he has been ruled "incompetent" for purposes of pursuing litigation in this court. Thus, neither the rule nor the statute provides Plaintiff any protection in these matters and the court finds that, like all other litigants, Plaintiff must comply with court orders and applicable substantive and procedural court rules. *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (explaining that self-representation is not a license to ignore "relevant rules of procedural and substantive law.")). Plaintiff also contends that in imposing the injunction, Judge Fox "failed to consider a lesser sanction" and the injunction was

5

"not narrowly tailored to Davis." The court has already addressed these arguments in its November 2, 2020 order in the above-captioned cases, as well as in other cases in which Plaintiff is currently seeking the same relief.

Finally, the court notes that Plaintiff was informed in the November 2, 2020 order that the proposed complaints filed in each case were deficient and failed to give Defendants notice of the claims raised against them. Here, Plaintiff has not complied with the injunction by failing to attach a modified complaint for each case. Even if he had, however, as set forth above, Plaintiff fails to demonstrate good cause to reopen the cases and permit him to proceed with the litigation. For these reasons, the court DENIES the Plaintiff's motion for leave to proceed IFP and attached Application.

As both this court and the Fourth Circuit have acknowledged, the Plaintiff repeatedly files numerous incomprehensible, unsupported, and at times illegible documents in closed cases. He has again done so in the above-captioned cases, which strains the already limited resources of this court. Accordingly, the court DIRECTS the Clerk of the Court to refrain from filing any further documents proffered by the Plaintiff in these cases, unless the court first approves the filing.

SO ORDERED this 21st day of September, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE